MICHAEL HELD (*pro hac vice* pending)
KATHERINE STEELE LANDY (*pro hac vice* pending)
ALEX LEONARD (*pro hac vice* pending)
FEDERAL RESERVE BANK OF NEW YORK
33 Liberty Street
New York, New York  10045
Telephone:  (212) 720-5000
Facsimile:   (212) 720-2252
Email:        michael.held@ny.frb.org
              katherine.landy@ny.frb.org
              alex.leonard@ny.frb.org

JEFFREY S. BOSLEY (CA State Bar No. 167629)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111-6533
Telephone:  (415) 276-6500
Facsimile:   (415) 276-6599
Email:        jeffbosley@dwt.com

Attorneys for *Amicus Curiae* Federal Reserve Bank of New York

JOSHUA P. CHADWICK
KATHERINE POMEROY
BOARD OF GOVERNORS
OF THE FEDERAL RESERVE SYSTEM
20th Street and Constitution Avenue, N.W.
Washington, DC  20551
Telephone:  (202) 912-4329
Facsimile:   (202) 736-5615
Email:        joshua.p.chadwick@frb.gov
              katherine.pomeroy@frb.gov

Attorneys for *Amicus Curiae* Board of Governors
of the Federal Reserve System

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| LISA MCCARTHY, et al., | Case No. 3:20-cv-05832-JD |
| Plaintiffs, | Assigned to the Hon. James Donato |
| vs. | **UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF FEDERAL RESERVE BANK OF NEW YORK AND BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM** |
| INTERCONTINENTAL EXCHANGE INC., et al., | |
| Defendants. | |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

The Board of Governors of the Federal Reserve System ("Board of Governors") and Federal Reserve Bank of New York ("New York Fed") respectfully request leave to file a brief in this action as *amici curiae* concerning the motions for injunctive relief set for hearing before this Court on September 9, 2021.

## I. IDENTITY AND INTEREST OF *AMICI CURIAE*

The Board of Governors is a United States government agency composed of seven members appointed by the President and confirmed by the Senate. 12 U.S.C. § 241; *Comm. for Monetary Reform v. Bd. of Governors of the Fed. Reserve Sys.*, 766 F.2d 538, 539-40 (D.C. Cir. 1985). The New York Fed is one of twelve regional Federal Reserve Banks, which, together with the Board of Governors and the Federal Open Market Committee, comprise the key components of the Federal Reserve System, the central bank of the United States. *Comm. for Monetary Reform*, 766 F.2d at 539. The Federal Reserve System "monitors financial system risks and engages at home and abroad to help ensure that the system supports a healthy economy for U.S. households, communities, and businesses."[1]

The Board of Governors and New York Fed seek leave to file this *amicus* brief to provide their perspective to the Court that the injunction Plaintiffs seek—including immediately enjoining the publication of the U.S. dollar LIBOR benchmark reference rate ("LIBOR") and voiding variable interest rate contracts for consumer loans which include LIBOR as a reference rate[2]—if granted, would pose a risk to financial stability and will likely harm numerous nonparties, including everyday consumers and businesses. The requested injunction would also undermine years of global planning by the Board of Governors, New York Fed, and other financial sector regulators in the U.S. and abroad, and threaten key progress currently underway on an orderly transition away from LIBOR.

---

[1] *Purposes and Functions of the Federal Reserve System*, p. 54, Tenth Edition, *available at* https://doi.org/10.17016/0199-9729.10.

[2] *See* Pls.' Mot. for Prelim. and Permanent Inj. – Mem. of P. & A. in Supp., Nov. 10, 2021, ECF No. 19; Pls.' Appl. for an Order to Show Cause Why an Inj. Should Not Issue (May 24, 2021), ECF No. 259.

## II. ARGUMENT

**A.     Standard for Filing an *Amicus* Brief in the Northern District of California**

"There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful or otherwise desirable to the court." *California ex rel. Becerra v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019).  "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations and internal quotation marks omitted).  The "classic role of amicus curiae is to assist a court in a case of public interest by supplementing the efforts of counsel . . . ." *California ex rel. Becerra*, 381 F. Supp. 3d at 1163-64.  "[W]hether to allow Amici to file a brief is solely within the Court's discretion, and generally courts have exercised great liberality in permitting amicus briefs." *Id.* at 1164; *see also Levin Richmond Terminal Corp. v. City of Richmond,* 482 F. Supp. 3d 944, 951 n.1 (N.D. Cal. 2020).

**B.     The Proposed *Amicus* Brief Offers Unique Perspectives Not Available from the Parties and Will Aid the Court in Evaluating the Public Interest Impact of the Requested Injunction**

The proposed *amicus* brief will assist the Court in evaluating whether Plaintiffs have met their burden of establishing that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24 (*quoting Weinberger v. Romero-Barcelo,* 456 U.S. 305, 312 (1982) (quotation marks omitted)).  The Board of Governors and New York Fed, as key components of the Federal Reserve System, are well-positioned to provide their perspective on the proposed injunction's impact on the public interest, including the impact on financial stability and resulting harm to nonparties.  Additionally, the Board of Governors and New York Fed can

provide a unique perspective arising from their participation in a global effort to prepare the financial system for the smooth and orderly ending to LIBOR.

This relevant perspective and experience relate directly to Plaintiffs' motions and will aid the Court in evaluating whether the requested injunction is in the public interest. Plaintiffs and Defendants do not oppose the filing of the proposed *amicus* brief.

### III. CONCLUSION

For the foregoing reasons, the Board of Governors and New York Fed respectfully request that the Court grant leave to file the enclosed proposed *amicus* brief.

DATED: August 13, 2021          Respectfully submitted,

FFEDERAL RESERVE BANK OF NEW YORK
MICHAEL HELD
KATHERINE STEELE LANDY
ALEX LEONARD


DAVIS WRIGHT TREMAINE LLP
JEFFREY S. BOSLEY


By:   */s/ Jeffrey S. Bosley*
         Jeffrey S. Bosley
Attorneys for *Amicus Curiae* Federal Reserve Bank of New York

DATED: August 13, 2021          BOARD OF GOVERNORS
OF THE FEDERAL RESERVE SYSTEM
JOSHUA P. CHADWICK
KATHERINE POMEROY


By:   */s/ Joshua P. Chadwick*
         Joshua P. Chadwick
Attorneys for *Amicus Curiae* Board of Governors of the Federal Reserve System

**CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION**

I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories hereto.

Dated: August 13, 2021                    By: */s/ Jeffrey S. Bosley*
                                                     Jeffrey S. Bosley